**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| Savannah Skinner,<br><br>     Plaintiff,<br><br> -against-<br><br>Equifax Information Services, LLC,<br>Experian Information Solutions, Inc.,<br>Trans Union, LLC, and<br>Synovus Bank d/b/a First Progress Card,<br><br>     Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

  Plaintiff Savannah Skinner, by and through counsel, as for this Complaint against Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"), (Equifax, Experian and Trans Union, each a "Bureau" and collectively "Bureaus"), and Synovus Bank d/b/a First Progress Card ("Synovus", "First Progress", or "Furnisher") respectfully sets forth, complains, and alleges, upon information and belief, the following:

  1.  Plaintiff brings this action for damages arising from each Defendant's violations of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

  2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p *et seq*.

  3.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

## PARTIES

  4.  Plaintiff is a resident of the State of Michigan, County of Wayne.

5.  At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6.  Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7.  Equifax is a Georgia corporation registered to do business in this State.

8.  Equifax may be served with process c/o Corporation Service Company, 3410 Belle Chase Way, Ste 600, Lansing, MI 48911.

9.  Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

11. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

12. Experian is a Delaware corporation registered to do business in this State.

13. Experian may be served with process c/o The Corporation Company, 40600 Ann Arbor Rd E, Ste 201, Plymouth, MI 48170.

14. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

15. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

16. Experian was sued by the Consumer Financial Protection Bureau ("CFPB") on January 7, 2025.

17. The CFPB sued Experian for sham investigations of credit report errors. https://www.consumerfinance.gov/about-us/newsroom/cfpb-sues-experian-for-sham-investigations-of-credit-report-errors/.

18. Experian does not properly investigate disputes and fails to remove or reinserts errors on reports, threatening consumers' access to credit, employment, and housing. *Id.*

19. Experian routinely and uncritically accepts the original furnisher's response to the disputed information, even when that response was improbable or illogical on its face, or when Experian has other information available that suggests the furnisher is unreliable. *Id.*

20. Experian's failures are an abdication of its obligations under the FCRA. *Consumer Financial Protection Bureau v. Experi an Information Solutions, Inc.*, 8:25-cv-00024 (Central Dist. Cal.) Doc. 1 at ¶ 14.

21. Defendant Trans Union, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

22. Defendant Trans Union is a Delaware corporation registered to do business in this State.

23. Trans Union may be served with process c/o CSC-Lawyers Incorporating Service, 3410 Belle Chase Way, Ste 600, Lansing, MI 48911.

24. At all times material hereto, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

25. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

26. Defendant Synovus is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

27. First Progress may be served with process c/o 2700 S Lorraine Place, Sioux Falls, SD 57106.

## FACTUAL ALLEGATIONS

28. Plaintiff incorporates the above allegations as if set forth here.

29. There is or was a First Progress account in Plaintiff's name, opened on or about June 20, 2022 ("Account").

30. The First Progress Account was for a credit card.

31. On or about December 2024, Plaintiff paid the Account in full.

32. Plaintiff did not have a remaining balance on the Account.

33. Subsequently, fraudulent charges were made on the Account.

34. Plaintiff did not authorize these charges.

35. Plaintiff was not aware of these charges when they were made.

36. Plaintiff disputed the fraudulent balance on the Account.

37. The entire balance on the Account was fraudulent.

38. On or about April 1, 2025, First Progress sent Plaintiff a letter confirming the investigation was complete ("Letter").

39. The Letter confirmed that Plaintiff was not liable for the fraudulent charges.

40. Plaintiff did not make any charges on the Account.

41. First Progress confirmed the charges were fraudulent and the Account was credited.

42. Furnisher confirmed the Account was credited and Plaintiff was not responsible for the fraudulent balance.

43. However, as early as March 2025, the Account is showing late on Plaintiff's credit report.

44. Defendant Equifax is also reporting two of the same Account.

45. Both of the Accounts on Plaintiff's Equifax report show as late.

46. Plaintiff only has one Account.

47. First Progress furnished incorrect credit formation about the Account to each Bureau despite Plaintiff paying the Account in full and the Letter that the Account had fraudulent charges.

48. The Account is appearing on Plaintiff's credit reports with derogatory information.

49. On Plaintiff's Equifax credit report, there are two First Progress Accounts in Plaintiff's name.

50. The information appearing twice, once for each account, is incorrect.

51. Plaintiff only ever had one First Progress Account.

52. Both Accounts have the same following information:

    a. Creditor: SYNOVUS/FIRST PROGRESS

    b. Date Opened: June 20, 2022,

  c. High Credit: $259,

  d. Credit limit of $200,

  e. Payment Responsibility INDIVIDUAL,

  f. Account Type REVOLVING,

  g. Account status as having payments past due,

  h. Terms Frequency MONTHLY,

  i. Loan Type: Credit Card, and

  j. Date of First Delinquency Feb 23, 2025.

53. First Progress continued to report the derogatory information to each Bureau.

54. Each Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

## Violations

55. In or about the first half of 2025 Plaintiff disputed the Account information with one or more Defendants, multiple times ("Prior Disputes"), without success.

56. Plaintiff disputed this with Experian many times.

57. On or about May 13, 2025, Plaintiff notified each Bureau that she disputed the accuracy of the information it was reporting ("Dispute") (Dispute and Prior Dispute collectively "Disputes").

58. Plaintiff stated in her Dispute that she was not liable for the fraudulent charges and that she was not late on payment.

59. Plaintiff stated the account was paid in full in December 2024.

60. Plaintiff included her name, address, social security number, phone number, email address, and a copy of her ID with her Dispute.

61. Plaintiff also included the Letter and an Account statement from Furnisher showing no remaining balance.

62. Each Bureau is required to notify Furnisher of Plaintiff's dispute.

63. It appears and is therefore averred that each Bureau notified Furnisher of Plaintiff's dispute(s).

64. Upon receipt of the dispute(s) of the Account by the Plaintiff from each Bureau, Furnisher failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

65. Each Defendant is required to conduct a reasonable investigation of Plaintiff's Dispute(s).

66. Had Furnisher conducted a reasonable investigation it would have been revealed to Furnisher that the account is inaccurate.

67. A reasonable investigation by each Bureau would have revealed that the account was not being reported correctly as it should not have been reported at all.

68. A reasonable investigation by each Defendant would have revealed that the Account is being incorrectly reported.

69. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, each Defendant did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to

substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

70. Each Bureau violated 15 U.S.C. § 1681i (a) by failing to conduct a reasonable investigation and failing to delete or correct the disputed trade line within 30 days of receiving Plaintiff's Dispute.

71. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

72. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

73. Furnisher's actions described herein violated 15 U.S.C. 1681s-2 (b).

74. Notwithstanding Plaintiff's efforts, each Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

75. Furnisher continued to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced tradeline continued to be inaccurate and materially misleading.

76. Each Bureau did not follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

77. Each Defendant knew or had reason to know the information was inaccurate.

78. Each Defendant was in possession of the documentation of the inaccuracies of the Account provided by Plaintiff yet persisted in reporting it anyway.

79. Upon information and belief, each Bureau did not even request documentation from Furnisher during its investigations of Plaintiff's Dispute(s).

80. Upon information and belief, Furnisher did not send any documentation to each Bureau during its investigations of Plaintiff's Dispute(s).

81. Each Defendant did not contact Plaintiff during its investigation of Plaintiff's Dispute(s).

82. On information and belief, on a date better known to each Bureau, it prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to the Account.

83. The information furnished by Furnisher and published by each Bureau improperly, falsely, and inaccurately characterizes Plaintiff's account information.

84. Each Bureau reported this improper and inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they disseminated to various persons and credit grantors, both known and unknown.

85. Had each Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative account information would not have appeared on Plaintiff's credit report.

86. Furnisher continued to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced tradeline continued to be inaccurate and materially misleading.

Damages

87. As a result of each Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

88. Each Defendant's erroneous reporting continued to affect Plaintiff's reputation, creditworthiness, and credit score.

89. Plaintiff suffered damage to her reputation as it falsely appears as if she was delinquent on the Account.

90. This false information was published to numerous third parties.

91. The inaccurate and defamatory information was published to Capital One and Barclays Bank.

92. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

93. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify each Defendant's willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on applications for credit, difficulty with sleep, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial and having others see the false credit information.

94. Plaintiff was also unable to obtain funding opportunities due to each Defendant's actions.

95. Plaintiff was denied for a Wyndham Rewards Barclays card due to the fraudulent delinquent Account showing on her credit report from Trans Union.

96. Plaintiff was emotionally distraught.

97. Plaintiff had trouble with sleep.

**FIRST CAUSE OF ACTION**
**(Violations of the FCRA as to each Bureau)**

98. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

99. This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

100. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

101. Each Bureau violated 15 U.S.C. § 1681i (a) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

102. Alternatively, upon information and belief, each Bureau further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

103. Each Bureau has willfully and recklessly failed to comply with the Act.

104. In the alternative, each Bureau has negligently failed to comply with the Act.

105. The failure of each Bureau to comply with the Act includes but is not necessarily limited to the following:

   a. The failure to enact and follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

c. The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

d. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff, which was demonstrated with documentation that the information was inaccurate;

e. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

f. The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

g. The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

106. As a result of the conduct, action, and inaction of each Bureau, Plaintiff suffered damage as described above.

107. The conduct, action and inaction of each Bureau was willful and/or negligent rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. §§ 1681n-1681o.

108. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

109. WHEREFORE, Plaintiff demands judgment against each Bureau for damages together with attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n-1681o.

**SECOND CAUSE OF ACTION**
(Violation of the FCRA as to Furnisher)

110. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

111. This is an action for will and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

112. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

113. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

114. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

115. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

116. Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute(s) of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

117. As a result of the conduct, action, and inaction of Furnisher, Plaintiff suffered damage as described above.

118. The conduct, action, and inaction of Furnisher was willful and/or negligent, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §§ 1681n-1681o.

119. Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

120. WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

121. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  July 28, 2025

                                              Respectfully submitted,

s/ Eliyahu Babad
By: Eliyahu Babad, Esq.
Stein Saks, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 x121
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*